UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>                                    Plaintiff,<br><br>v.<br><br>BILL K. LAU, et al.,<br><br>                                    Defendants. | Case No.: 14cv2441-MMA (BGS)<br><br>**ORDER GRANTING DEFENDANT CHAN VAN HUYNH'S UNOPPOSED MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT;**<br><br>[Doc. No. 23]<br><br>**VACATING MOTION HEARING** |

On October 14, 2014, Plaintiff Scott Schutza initiated this disability discrimination action against the purported owner/operators of P2 Restaurant in San Diego, California. *See* Doc. No. 1.  Several weeks later, Plaintiff filed an amended complaint naming Bill K. Lau, Trustee of the Lau Trust, Chan Van Huynh, and Nhu Le as defendants. *See* Doc. No. 6.  The Clerk of Court has since entered default as to all three named defendants, based on their failure to answer or otherwise respond to Plaintiff's amended complaint. *See* Doc. Nos. 17, 20, 22.  Defendant Chan Van Huynh now moves to set aside the Clerk's entry of default as to Plaintiff's claims against him. *See* Doc. No. 23.  Plaintiff has not filed an opposition to the motion.  For the reasons set forth below, the Court **GRANTS** Defendant's motion.

## DISCUSSION

The Ninth Circuit has held a district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Pursuant to Civil Local Rule 7.1.f.3.c, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." As such, the Court has the option of granting Defendant's motion on the basis of Plaintiff's failure to respond, and it chooses to do so.

The Court also notes that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). In addition, a court's discretion to set aside a default is "especially broad" where an entry of default, as opposed to a default judgment, is being set aside. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). Consequently, granting Defendant's unopposed motion to set aside the Clerk's entry of default facilitates the Court's management of its docket, and in this particular instance, will assist with this case ultimately being determined on its merits.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Chan Van Huynh's motion and **SETS ASIDE** the Clerk of Court's previous entry of default against him. The Court **VACATES** the motion hearing previously scheduled for September 14, 2015. The Court further **ORDERS** that Defendant Van Huynh file a response to Plaintiff's amended complaint on or before *September 21, 2015*.

**IT IS SO ORDERED**.

DATE: September 8, 2015

_____
HON. MICHAEL M. ANELLO
United States District Judge